### SETH S. COLLINS *vs.* ALANSON H. FOX.

It is the duty of the keeper of a pound to keep impounded animals in the pound and there only, unless removal is necessary to save them from injury.

Where a keeper has voluntarily removed an impounded animal from the lawful pound and put it in a private enclosure, the animal can be no longer held under the impounding, and the keeper has no rights with regard to it except to deliver it upon demand to the lawful owner.

Where therefore a constable, with knowledge that an impounded animal had been so removed, sold it at auction at the request of the keeper, it was held that the request could not protect him and that he was guilty of a trespass.

TRESPASS for taking and carrying away a horse belonging to the plaintiff, with a count in trover; brought originally before a justice of the peace and appealed by the defendant to the Superior Court in Tolland County, and tried to the court before *Hitchcock, J.* Facts found and judgment rendered for the plaintiff, and motion for a new trial by the defendant. The case is fully stated in the opinion.

*J. M. Hall* and *M. P. Yeomans*, in support of the motion.

*B. H. Bill* and *J. L. Hunter*, with whom was *H. Clark*, contra.

PARDEE, J. On June 29th, 1879, a hayward finding the plaintiff's horse running at large, impounded him in the town

pound, and notified the plaintiff of such act. On the next day the pound-keeper notified the town clerk, who on July 1st published in a newspaper a notice that he would sell the horse at public auction on July 17th; but he did not do so. On that day the pound-keeper gave notice of the impounding and that the horse belonged to the plaintiff, to the defendant, a constable of the town, who on August 6th published in a newspaper and on a sign-post notice thereof, and that he would sell the horse at public auction on August 13th. The pound-keeper kept the horse in the pound from the 29th of June to the 3d of July, when, for his own convenience in feeding and watering him, he removed him a distance of about seventy rods to his barn yard, where there was a shed for his protection, and there kept him until August 13th, when he returned him to the pound, from whence the defendant took him to the sign-post a few minutes later, with knowledge of the removal and return, and sold him at auction to the highest bidder for ten dollars, notwithstanding the protest of the plaintiff. The latter, on July 17th at the barn yard, demanded possession of the horse of the defendant, without payment or tender of fees, and it was refused. The value of the horse at the time of the sale was thirty-five dollars.

The plaintiff had notice of the impounding within twenty-four hours after it took place; the cost incurred after such notice is the result of his neglect to redeem, and he is not to be heard to complain of it. The statute (Gen. Statutes, p. 255, sec. 5,) authorized a constable of the town at the expiration of twenty days from the impounding to fix a day for the sale of the horse, and on such day to sell him at public auction at the public sign-post in the town for the purpose of paying poundage and the reasonable expenses of supporting, advertising, and selling him, giving reasonable notice of the time and place of such sale by advertisement in a newspaper printed in the county in which the town is, or in some other newspaper circulated in such town, and by posting a notice upon such sign-post.

The statute commands the selectmen of each town to erect

and maintain a sufficient pound for the impounding therein of all animals liable by law to such restraint, and to appoint a keeper thereof. It also commands the haywards to impound therein animals found at large upon the highway. There results a statutory obligation upon the keeper to keep the impounded animal in that place and in that only, unless removal is necessary to save it from injury; the selection of one place excludes the right to use another, for the obvious reason that the owner may know precisely where and to whom he can apply for leave to redeem, and that the keeper may always have it in his power to give instant possession. When therefore the keeper has voluntarily released the animal from the place in which alone it was his privilege to restrain it, and puts it in a private enclosure, he has put an end to the effect of the act of impounding, and has become the keeper of an animal belonging to another, with no right in reference thereto other than to deliver it upon demand to the owner. When therefore the defendant had knowledge of the release by the keeper, he had knowledge that he was without power or right to sell it as an impounded animal with or without the request of the keeper. Such request imposed no obligation upon him to do the act, nor can it protect him; it was a voluntary trespass with knowledge.

A new trial is not advised.

In this opinion the other judges concurred.